IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
FEB 24 2026
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 26-37 |
| CHRISTIAN ANDRE SPRUILL | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Kelly M. Locher, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a six-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Cyberstalking<br>From in and around April 2025 through in and around September 2025 | 18 U.S.C. §§ 2261A(2)(A) and (B) |
| | Interstate Threats | 18 U.S.C. § 875(c) |
| 2 | August 29, 2025 | |
| 3 | August 29, 2025 | |
| 4 | August 29, 2025 | |
| 5 | September 1, 2025 | |
| 6 | September 6, 2025 | |

## II. ELEMENTS OF THE OFFENSES

A.   **As to Count One:**

In order for the crime of Cyberstalking, in violation of 18 U.S.C. §§ 2261A(2)(A) and (B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant, with the intent to injure, harass, intimidate, or place under surveillance with intent to injure, harass, or intimidate another person,

2. Used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that:

   a. Placed that person in reasonable fear of death or of serious bodily injury to that person; or

   b. Caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person.

> Title 18, United States Code, Section 2261A; *United States v. Yung*, 37 F. 4th 70 (3d Cir. 2022).

B.   **As to Counts Two through Six:**

In order for the crime of Interstate Threats, in violation of 18 U.S.C. § 875(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening to injure the person of another;

2. That the message contained a true threat to injure the person of another; that is, the defendant transmitted a communication that a reasonable person would view as a threat; and

3. That the threat was communicated in interstate commerce.

18 U.S.C. § 875(c).

### III. PENALTIES

**A. As to Count 1: Cyberstalking (18 U.S.C. §§ 2261A(2)(A) and (B)):**

1. A term of imprisonment of not more than five (5) years. If the stalking occurred in violation of a temporary or permanent civil or criminal injunction, restraining order, no-contact order, or other order described in Section 2266 of Title 18, United States Code, the term of imprisonment is not less than one (1) year.

2. A fine of not more than $250,000.

3. A term of supervised release of not more than three (3) years.

**B. As to Counts Two through Six: Interstate Threats (18 U.S.C. § 875(c)):**

1. A term of imprisonment of not more than five (5) years.

2. A fine of not more than $250,000.00.

3. A term of supervised release of not more than three (3) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Restitution may be required in this case as to Counts One through Six, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 2264, 3663, 3663A, and 3664.

## VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney


*/s/ Kelly M. Locher*
KELLY M. LOCHER
Assistant U.S. Attorney
PA ID No. 322400